UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  10 -CR-00502-MO |
| v. | GOVERNMENT'S SENTENCING MEMORANDA |
| CHAEL PATRICK SONNEN, | Sentencing: April 8, 2011 at 10:00 a.m. |
| Defendant. | |

The United States of America, through Dwight C. Holton, United States Attorney for the

District of Oregon, and Michelle Holman Kerin, Assistant United States Attorney, hereby

submits this sentencing memorandum.  The government asks the Court to sentence defendant

Chael Patrick Sonnen to a two (2) year term of probation and impose a fine of $10,000.

A.      Summary of Proceedings.

On January 3, 2011, the defendant pled guilty to Count 1 of the Superseding Information,

Money Laundering, in violation of 18 U.SC. §1956(a)(1)(B)(I).  The maximum sentence is

twenty (20) years imprisonment, a fine of $500,000, three (3) years of supervised release, and a

$100 fee assessment.

A Presentence Report (PSR) for defendant was finalized on March 28, 2011 and

sentencing is currently set for Friday April 8, 2011 at 10:00 a.m.  The government believes that

the offense level calculations, and criminal history are accurately stated in the PSR.

**B.    Background**.

The factual background that the charge against defendant arises is somewhat complicated though accurately summarized in the PSR.  In short, the defendant, a licensed real estate professional, assisted other real estate professionals and borrowers who sought financing for the purchase of real property lie to lending institutions and title companies in order to provide the borrower large sums of the loan proceeds from real estate transactions.  This cash back to the borrower was an incentive for the borrower to purchase the real property and it was not disclosed to either the lending institution or the title company.  In the specific incident arising out of the charge in the Superceding Information, the defendant took an active role in concealing the true nature of the transaction from the title company and the lender.

The Superceding Information alleges only a single count of money laundering.  The plea agreement however resolves potential charges arising out of five (5) additional transactions where defendant acted as the realtor, cash back from loan proceeds was given to a borrower and the cash back was not disclosed to the title company or the lender.   As described by the PSR, however, the defendant was a small player in a much larger criminal scheme. *See, United States v. Rosabal, et al.*, USDC Case No. 10-CR-195-JO (alleging conspiracy to commit wire and mail fraud).  Moreover, during the investigation, defendant cooperated with law enforcement and provided valuable information in law enforcement's ongoing investigation of the larger criminal scheme.

**C.    Sentencing Calculations.**

While not bound by the Sentencing Guidelines, courts must first consult the guidelines and take them into account at sentencing.  *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738,

**Page 2–GOVERNMENT'S SENTENCING MEMO**

767 (2005). Even though the guidelines are advisory, they remain influential in an effort to ensure nationwide consistency in sentencing. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). After the parties are given a chance to argue for a sentence they believe is appropriate, the court should consider the 18 U.S.C. § 3553(a) factors and decide whether they support the sentence advocated by the parties. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (*citing Gall*, 128 S.Ct. at 596-97 n. 6). The court must then make an individualized sentencing determination based upon the facts. *Id.* The guidelines should not be given more or less weight than the other §3553(a) factors. *Id.* If the court decides a non-guideline sentence is warranted the Court must ensure the justification is sufficiently compelling to support the degree of variance. *Id.*

The parties agree that, after motion by the government, the defendant's advisory sentencing guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2S1.1: | 14 |
| Specific Offense Level, U.S.S.G. §2S1.1(b)(2)(B): | +2 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1: | -3 |
| Cooperation, U.S.S.G. § 5K1.1: | -2 |
| **Total Offense Level**: | **11** |

The defendant has a criminal history category of I. With a criminal history category of I and an offense level of 11, defendants' advisory sentencing guideline ranges are between 8 to 14 months imprisonment.

## D.    Government's Recommended Sentence.

The government recommends that the court downward depart and impose a two (2) year probationary sentence and a fine of $10,000. The sentence recommended serves the purposes of

**Page 3–GOVERNMENT'S SENTENCING MEMO**

18 U.S.C. § 3553(a).  First, the proposed sentence satisfies the need to afford adequate deterrence to criminal conduct with respect to this defendant and the public in general.  Defendant's criminal conduct and guilty plea have required him to relinquish much–as part of the plea agreement, he was required to forfeit his professional real estate license.  As a result of the felony charge and subsequent conviction, defendant was required to step down as the Republican candidate for Oregon State Representative.  It is also the government's understanding that as a result of his guilty plea, other professional opportunities have been delayed or revoked.  Defendant is a young man, with no prior criminal history who appears to otherwise be an active and contributing member of his community and have a wide support network.  The government believes that the proposed sentence, in conjunction with the other deprivations both required by the terms of the plea agreement and consequential to the defendant's guilty plea, ensures that defendant will think twice again before engaging in criminal conduct again.  Moreover, this sentence sends a message to others who may think to engage in mortgage fraud and/or money laundering–no one is above the law.

Additionally, the recommended sentence is also appropriate given the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense and the need to reflect just punishment for the offense. In addition to the above, a significant factor for the imposition of probation in lieu of jail time is that the defendant received little, if any, personal profit as a result of his criminal conduct.[1]  This is in sharp contrast to the others involved in this scheme.  When compared to others who facilitated or participated in the

---

[1] It also does not appear that he was motivated to engage in criminal conduct because of personal profit.

**Page 4–GOVERNMENT'S SENTENCING MEMO**

overall criminal scheme, defendant's role is significantly smaller, including some of the borrowers/buyers he represented in these transactions. For example, the purchaser of the Rolling Hills Property, described in the Superceding Indictment, Adam Perkins, purchased twelve separate homes, many within days and weeks of one another. On each of these purchases he took large sums of cash out of the loan proceeds and did not disclose that to the lender. The employees of Lighthouse Financial Group, and in particular, Joel Rosabal and Chadwick Amsden, made or assisted others make numerous misrepresentations in almost 30 loan applications for properties to obtain cash back for buyers. They obtained significant commissions on the loans and in some instances received some of the loan proceeds, also not disclosed to the lender. Defendant, conversely, received a standard real estate commission for the sale of the homes.

Given the defendants' sentencing guideline calculations and the factors outlined in 18 U.S.C. § 3553(a), the government believes that the proposed sentence of two (2) years probation, plus a fine of $10,000 is appropriate in this case.

DATED this 30th day of March, 2011.

Presented by:

DWIGHT C. HOLTON
United States Attorney
District of Oregon


*/s/ Michelle Holman Kerin*
MICHELLE HOLMAN KERIN, OSB#965278
Assistant United States Attorney

**Page 5–GOVERNMENT'S SENTENCING MEMO**