Ronald H. Hoevet, OSB #75174
HOEVET, BOISE & OLSON, P.C.
1000 S.W. Broadway, Suite 1500
Portland, OR 97205
Telephone: (503) 228-0497
Facsimile: (503) 228-7112
E-mail: rhoevet@hoevet-boise.com
        Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 10-502-MO |
| Plaintiff, | |
| v. | CHAEL SONNEN'S SENTENCING MEMORANDUM |
| CHAEL PATRICK SONNEN, | |
| Defendant. | |

        The parties and the United States Probation Office jointly recommend a sentence of

two years probation without confinement or home detention and a $10,000 fine.  We jointly

ask the Court to impose a variant sentence pursuant to 18 U.S.C. § 3553(a), which is

outside the advisory sentencing range of 8-14 months after a two-level departure under §

5K1.1.  The parties agree that both the history and character of Mr. Sonnen and the nature

and the circumstances of his offense justify a variance from the advisory sentencing range.

        The government, in its sentencing memorandum at page 4, footnote 1, observes:

        "It also does not appear that he [Sonnen] was motivated to engage in criminal
        conduct because of personal profit."

The government supports this observation with the fact that Chael "received little if any

personal profit as a result of his criminal conduct."  That is true.  Chael's real estate

commission on the Rolling Hills property was based on the original, not the inflated, sales

PAGE 1 - CHAEL SONNEN'S SENTENCING MEMORANDUM

HOEVET BOISE & OLSON, P.C.
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497
FAX (503) 228-7112

price.  He never shared in any kickback to the buyer.  Paragraph 19 of the PSR, moreover,
reports that in four other suspect sales in which Chael was the realtor, he did not take a
commission on two of them, and gave his commission check to the buyer on a third
because the property was damaged after the sale.  Of course, the statement that Chael
was not motivated by profit begs the question; what was his motivation?  Chael and I have
spent almost a year talking about motive: whether he had a bad purpose or evil motive,
and the difference between motive and intent as an element of the crime.  I have arrived at
a conclusion about Chael's reasons for doing what he did.  I now share it with the Court.
Chael saw cash back to the buyer as a creative way to make a quick sale.  He vetted this
method with his boss at John L. Scott.  Everyone other than the lender in the transaction
knew what was going on, including the escrow officer at the title company.  Chael did not
appreciate the materiality of the lies to the lender or the harm that could result.  He thought
he was being a team player on a team of veterans more experienced than him.  His
naïveté and willingness to go along with something that didn't feel right led to the mess that
he finds himself in.  The parties' analysis of Chael's limited role and his lack of financial
motive in the offense is a basis for a variance under 18 U.S.C. § 3553(a), under the nature
and circumstances of the offense prong.

Turning to the history and character of the defendant prong under 18 U.S.C. §
3553(a), Chael's contributions to the community are remarkable.  The fact that he neither
smokes nor drinks and is kind to his widowed mother sets the stage.  (See letter from E.
Gayer).  Chael learned at an early age from his parents the importance of volunteering.
Chael has honored his parents by making good works part of his life.  Chael founded the
All-Phase Wrestling Club in West Linn.  Two hours a day, six days a week, and all day on
Saturday for the last six years, Chael has coached without compensation youth ages 5-18
in the sport of wrestling.  As Kevin Keeney, another All-Phase Wrestling coach, points out,
Chael has donated his own money for kids to attend regional and national tournaments

PAGE 2 - CHAEL SONNEN'S SENTENCING MEMORANDUM

HOEVET BOISE & OLSON, P.C.
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497
FAX (503) 228-7112

throughout the United States so that they could experience some of the same things he has in his competitive career.  From September to March for the last two years, Chael has been the volunteer wrestling coach at Clackamas Community College.  One week each summer, he volunteers as a wrestling coach during the Oregon State Camp at Pacific University.  Chael speaks weekly to an 11 year old fan in Ohio, and visits a 14 year old fan in West Linn, both of whom are being treated for a cancerous brain tumor.  He aids an autistic youth whose father is incarcerated.  He funded United States wrestling Olympian Andy Hrovat's recent trip to Russia.  There are many other acts of kindness, some mentioned in the letters that USPO Tim Eisenbrandt has attached to his report, that demonstrate that Chael is a caring and giving person.  The Policy Statement at § 5H1.11 of the federal sentencing guidelines provides that civil, charitable, public service and similar prior good works are not ordinarily relevant in determining whether a departure is warranted, but acts that reflect on Chael's character are relevant in considering whether a variance is warranted under 18 U.S.C. § 3553(a).  The government, too, has cited Chael's good works in its memorandum as a reason for a variance under 18 U.S.C. § 3553(a).

Finally, the Court could arrive at the recommended sentence of two years probation without confinement or home detention, by granting a greater departure than the two level departure recommended by the government under § 5K1.1.  The Court ultimately decides the appropriate reduction upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another.  Section 5K1.1 lists five non-exclusive reasons for determining the number of departure levels.  Two of those factors jump off the page and suggest that a departure from Zone B to Zone A would be appropriate.  The first is § 5K1.1(a)(5).  Chael immediately cooperated with the authorities, without the assistance of counsel and without the government making any promise about the disposition of its investigation of him.  The second is § 5K1.1(a)(2).  Chael's answers at the first meeting with the government were truthful, complete and

PAGE 3 - CHAEL SONNEN'S SENTENCING MEMORANDUM

Hoevet Boise & Olson, P.C.
Attorneys at Law
1000 S.W. Broadway, #1500
Portland, Oregon 97205
(503) 228-0497
Fax (503) 228-7112

reliable.  In my experience, both the timeliness of Chael's cooperation and his candor from the start are unusual.  As an alternative to a variance under 18 U.S.C. § 3553(a), the Court could depart to Zone A to arrive at a probationary sentence without confinement or home detention.

The joint recommendation of two years probation without confinement or home detention is based on a solid factual and legal foundation.  I urge the Court to adopt the unanimous view that straight probation is the appropriate sentence.

DATED this 6th day of April, 2011.

HOEVET, BOISE & OLSON, P.C.


 */s/ Ronald H. Hoevet*
Ronald H. Hoevet, OSB #751746
Of Attorneys for Defendant

PAGE 4 - CHAEL SONNEN'S SENTENCING MEMORANDUM

HOEVET BOISE & OLSON, P.C.
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1500
PORTLAND, OREGON 97205
(503) 228-0497
FAX (503) 228-7112